## Pennsylvania Reconstructed Stone Company's Case.

*Taxation—Claim for refund—Corporation—Dissolution of corporation—Credit on Commonwealth's books—Act of June 5, 1913.*

1. Under the Act of June 5, 1913, P. L. 449, amending the Act of May 21, 1881, P. L. 30, where a corporation files a claim before the Board of Finance and Revenue for a refund of taxes and the company is dissolved after the filing of the claim and before it is acted on, the dissolution does not terminate the claim.

2. In such case, if the credit is allowed, it should be entered on the books of the Commonwealth in favor of the company in its corporate name.

Department of Justice.  Opinion to Board of Finance and Revenue.

WOODRUFF, Att'y-Gen., Oct. 30, 1924.—I have your request for an opinion on the following:

*Facts.*—Pennsylvania Reconstructed Stone Company filed a claim before the Board of Finance and Revenue for refund of certain taxes which the company claims were erroneously collected.  The board has decided that the claim should in the main be allowed.  This claim was filed nearly a year ago, and in the interval before its consideration the company finally dissolved.

*Questions.*—(1) Does the dissolution of the corporation after the filing of the claim, and before it was acted upon, terminate the claim?  (2) If not, how shall the claim be credited on the books of the Commonwealth, and how can the credit be utilized by the dissolved corporation?

The Act of June 5, 1913, P. L. 449, provides that section 1 of the Act of May 21, 1881, P. L. 30, shall read as follows:

"That all corporations for mining, manufacturing, or trading purposes, or for the purchase and sale of real estate, and construction companies, whether created by general or special acts of assembly, whose charters may have expired or may hereafter expire, or which may have been dissolved or may hereafter be dissolved by any judicial decree, may bring suits, and maintain and defend suits already brought, for the protection and possession of their property, and the collection of debts and obligations owing to or by them, and sell, convey and dispose of their property, and make title therefor, as fully and effectually as if their charters had not expired, or such decree had not been made; and the officers last elected, or the survivors of them, shall be officers to represent said corporation for such purposes, and if no officers survive, the stockholders may elect officers under their by-laws: Provided, that this act shall be construed only so as to enable said corporations to realize and divide their assets and wind up their affairs, and not to transact new business."

As to the first question, it is evident that the dissolution of the corporation does not terminate its right to "maintain and defend suits already brought for . . . the collection of . . . obligations owing to or by them."  The pressing of the claim for the refund of taxes erroneously paid may be considered as being the maintenance of a suit; and the law quoted above not only clearly gives the dissolved corporation the right to maintain the suit, but also to collect "obligations owing to" the corporation.  Therefore, the Board of Finance and Revenue has the duty, to the extent it considers the claim just and equitable, to order the reimbursement, by a proper credit on the books of the Commonwealth, of the amount found by the board to be due to the corporation.

As to question (2), the credit having been allowed, it should be duly entered upon the books of the Commonwealth in favor of the company in its corporate name; and the law quoted above clearly provides that "the officers (of the corporation) last elected, or the survivors of them, shall be officers to represent said corporation," in order that it may "dispose of their property, and

make title therefor, as fully and effectually as if . . . such decree (of dissolution) had not been made." Therefore, the officers of the above corporation, mentioned in the above quotation, may dispose of the property right of the corporation to the credit allowed by the board by executing and delivering in the name of the corporation such assignment of the credit allowed as it might have made if it had not been dissolved.

From C. P. Addams, Harrisburg, Pa.